Case No. 3:21-cv-01895-D

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

In the Matter of: Highland Capital Management, L.P.,

     Debtor.

NexPoint Advisors, L.P., Highland Capital Management Fund Advisors, L.P., and The Dugaboy Investment Trust,

     Appellants,

v.

Highland Capital Management, L.P.,

     Appellee.

## APPELLANTS' APPENDIX IN SUPPORT OF OBJECTION TO MOTION TO DISMISS APPEAL AS CONSTITUTIONALLY MOOT

On Appeal from the United States Bankruptcy Court for
the Northern District of Texas, the Honorable Stacey G.C. Jernigan

Davor Rukavina, Esq.
Julian P. Vasek, Esq.
**MUNSCH HARDT KOPF & HARR, P.C.**
500 North Akard St., Ste. 3800
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR APPELLANTS NEXPOINT  ADVISORS, L.P.  AND HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P.**

Douglas Scott Draper, Esq.
**HELLER, DRAPER & HORN, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, LA 70130-0000

**ATTORNEYS FOR THE DUGABOY INVESTMENT TRUST**

NexPoint Advisors, L.P., Highland Capital Management Fund Advisors, L.P., and The Dugaboy Investment Trust, the appellants in the above-captioned appeal, hereby submit this *Appendix in Support of Objection to Appellee's Motion to Dismiss Appeal as Constitutionally Moot*:

| Description | Page Nos. |
|---|---|
| Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. | 1 – 4 |
| Order Approving Stipulation and Agreed Order Authorizing Withdrawal of Claims Transferred to NexPoint Advisors, L.P. | 5 – 11 |
| Declaration of Dennis C. Sauter, Jr. | 12 – 13 |
| Exhibit A: Agreement between NexPoint Advisors, L.P. and Hunter Covitz | 14 – 17 |
| Exhibit B: Hunter Covitz Proof of Claim | 15 – 29 |

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  /s/ Davor Rukavina

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: drukavina@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR APPELLANTS
NEXPOINT ADVISORS, L.P. AND
HIGHLAND CAPITAL MANAGE-
MENT FUND ADVISORS, L.P.**

-- and --

**HELLER, DRAPER & HORN, L.L.C.**

By:  /s/ Douglas Draper

Douglas Scott Draper, Esq.
650 Poydras Street
Suite 2500
New Orleans, LA 70130-0000
Email: ddraper@hellerdraper.com

**ATTORNEYS FOR THE DUGABOY
INVESTMENT TRUST**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this 18th day of January, 2021, he caused a true and a correct copy of the foregoing document and attachments to be served on counsel for the Appellee, Highland Capital Management, L.P., including through Jeff Pomerantz , Esq., one of its counsel of record.

By: /s/ Davor Rukavina
Davor Rukavina, Esq.

Case 19-34054-sgj11 Doc 2700 Filed 08/11/21 Entered 08/11/21 14:07:35 Page 1 of 4
Case 3:21-cv-01895-D Document 37 Filed 01/18/22 Page 5 of 33 PageID 4550

Docket #2700 Date Filed: 08/11/2021

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (admitted *pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (admitted *pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | ) | Case No. 19-34054-sgj11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF OCCURRENCE OF EFFECTIVE DATE OF
CONFIRMED FIFTH AMENDED PLAN OF REORGANIZATION
OF HIGHLAND CAPITAL MANAGEMENT, L.P.**

   **PLEASE TAKE NOTICE** that on February 22, 2021, the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") entered the *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Docket No. 1943] (the "Confirmation Order") confirming the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified)* [Docket No. 1808] (as

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.



1934054210811000000000001

amended, supplemented, or modified, the "Plan"). Unless otherwise defined in this notice, capitalized terms used in this notice shall have the meanings ascribed to them in the Plan and the Confirmation Order, as applicable.

**PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan occurred on August 11, 2021.

**PLEASE TAKE FURTHER NOTICE** that, except with respect to Administrative Expense Claims that are Professional Fee Claims or as otherwise set forth in the Plan, requests for payment of an Administrative Expense Claim must be Filed with the Bankruptcy Court **no later than forty-five (45) days after the Effective Date** (the "Administrative Expense Claims Bar Date"). **HOLDERS OF ADMINISTRATIVE EXPENSE CLAIMS THAT ARE REQUIRED TO FILE AND SERVE A REQUEST FOR PAYMENT OF SUCH ADMINISTRATIVE EXPENSE CLAIMS BY THE ADMINISTRATIVE EXPENSE CLAIMS BAR DATE THAT DO NOT FILE AND SERVE SUCH A REQUEST BY THE ADMINISTRATIVE EXPENSE CLAIMS BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE DEBTOR OR THE REORGANIZED DEBTOR.**

**PLEASE TAKE FURTHER NOTICE** that, unless otherwise ordered by the Bankruptcy Court, all final requests for payment of Professional Fee Claims must be Filed **no later than sixty (60) days after the Effective Date**.

**PLEASE TAKE FURTHER NOTICE** that the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor or the Reorganized Debtor, as applicable, and any and all Holders of Claims or Interests (regardless of whether such Claims or Interests are deemed to have accepted or rejected the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan and Confirmation Order, including, without limitation: the injunction with respect to the commencement of claims and causes of action against Protected Parties set forth in Section IX.F of the Plan and Sections AA and BB of the Confirmation Order, the duration of injunction and stays set forth in Section IX.G of the Plan and Section AA of the Confirmation Order, and the continuance of the January 9 Order and July 16 Order set forth in Section IX.H of the Plan and Section CC of the Confirmation Order.

**PLEASE TAKE FURTHER NOTICE** that on the Effective Date, all Class A Limited Partnership Interests, including the Class A Limited Partnership Interests held by Strand, as general partner, and Class B/C Limited Partnerships in the Debtor will be deemed cancelled, and all obligations or debts owed by, or Claims against, the Debtor on account of, or based upon, such Class A Limited Partnership Interests and Class B/C Limited Partnership Interests shall be deemed as cancelled, released, and discharged, including all obligations or duties by the Debtor relating to the Equity Interests in any of the Debtor's formation documents, including the Limited Partnership Agreement.

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Order and the Plan

are available for inspection. If you would like to obtain copies you may: (a) access the Debtor's restructuring website at http://www.kccllc.net/hcmlp; (b) call toll free: (877) 573-3984 or international: (310) 751-1829; or (c) email HighlandInfo@kccllc.com and reference "Highland" in the subject line. You may also obtain copies of any pleadings filed in this case for a fee via PACER at: pacer.uscourts.gov.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

Dated: August 11, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
Email: jpomerantz@pszjlaw.com
          ikharasch@pszjlaw.com
          gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor*

Docket #3166 Date Filed: 01/07/2022



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 7, 2022**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

### ORDER APPROVING STIPULATION AND AGREED ORDER AUTHORIZING
### WITHDRAWAL OF CLAIMS TRANSFERRED TO NEXPOINT ADVISORS, L.P.

Upon consideration of the *Stipulation and Agreed Order Authorizing Withdrawal of Claims Transferred to NexPoint Advisors, L.P.* [Docket No. 3160] (the "Stipulation")[2] filed in the above-captioned case, it is **HEREBY ORDERED THAT:**

1.      The Stipulation, a copy of which is attached hereto as **Exhibit A**, is approved.

2.      The withdrawal of Transferred Claims with prejudice is approved.

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 6725. The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] All capitalized terms used but not defined herein have the meanings given to them in the Stipulation.



1934054220107000000000011

3.      This Order and the Stipulation are and will be binding on Claimant's predecessors, successors, transferees, and assigns, including, without limitation, any transferee or assignee of any Transferred Claim (whether in whole or in part).

4.      To the extent applicable, the official claims register in the HCMLP bankruptcy case will be modified in accordance with this Order.

5.      This Court shall have and retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Order and the Stipulation.

### END OF ORDER ###

# EXHIBIT A

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*pro hac vice*)
Ira D. Kharasch (CA Bar No. 266326) (*pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

MUNSCH HARDT KOPF & HARR, PC
Davor Rukavina (TX Bar No. 24030781)
drukavina@munsch.com
Julian P. Vasek (TX Bar N0. 24070790)
jvasek@munsch.com
500 N. Akard St., Ste. 3800
Dallas, TX 75201
214-855-7500

*Counsel for NexPoint Advisors, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |

## STIPULATION AND AGREED ORDER AUTHORIZING WITHDRAWAL OF CLAIMS TRANSFERRED TO NEXPOINT ADVISORS, L.P.

---

[1] The last four digits of the Reorganized Debtor's taxpayer identification number are 6725. The headquarters and service address for the Reorganized Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

This *Stipulation and Agreed Order Authorizing Withdrawal of Claims Transferred to NexPoint Advisors, L.P.* (the "Stipulation"), is entered into between Highland Capital Management, L.P., the reorganized debtor ("HCMLP" or the "Debtor," as applicable), and NexPoint Advisors, L.P. ("Claimant").

## RECITALS

**WHEREAS**, Claimant filed documents evidencing the transfer of the claims of Bhawiki Jain[2] ("Jain"), Michael Beispiel[3] ("Beispiel"), Sang Kook (Michael) Jeong[4] ("Jeong"), Phoebe Stewart[5] ("Stewart"), and Sahan Abayarathna[6] ("Abayarathna" and together with Jain, Beispiel, Jeong, and Stewart, the "Former Employees") to Claimant; *provided, however*, that the Former Employees did not transfer to Claimant any claims for unpaid hourly compensation, unpaid overtime compensation, or unpaid compensation related to personal time off, all of which were reserved to the applicable Former Employee (collectively, the "Transferred Claims").

**WHEREAS**, on March 18, 2021, the Debtor filed the *Debtor's Third Omnibus Objection to Certain No Liability Claims* [Dkt. No. 2059] (the "Original Objection"), and on November 1, 2021, the Debtor filed the *Reorganized Debtor's Supplemental Omnibus Objection to Certain Employee Claims* [Dkt. No. 2974] (as subsequently amended, the "Supplemental Objection", and collectively with the Original Objection, the "Objection"), pursuant to which the Debtor asserts various objections to, *inter alia*, certain of the Transferred Claims;

**WHEREAS**, in order to avoid unnecessary litigation, and in order to finally and fully resolve the Objection, Claimant now desires to withdraw the Transferred Claims with prejudice.

---

[2] *See Evidence of Partial Transfer of Claim* [Docket No. 2044].
[3] *See Evidence of Partial Transfer of Claim* [Docket No. 2045]
[4] *See Evidence of Partial Transfer of Claim* [Docket No. 2046]
[5] *See Evidence of Partial Transfer of Claim* [Docket No. 2047]
[6] *See Evidence of Partial Transfer of Claim* [Docket No. 2266]

## <u>STIPULATION</u>

Now, therefore, HCMLP and Claimant agree and stipulate as follows:

1.      The Transferred Claims are hereby withdrawn with prejudice.

2.      This Stipulation is and will be binding on Claimant's predecessors, successors, transferees, and assigns, including, without limitation, any transferee or assignee of any Transferred Claim (whether in whole or in part).

3.      The Bankruptcy Court for the Northern District of Texas, Dallas Division, shall have and retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Stipulation.

4.      To the extent applicable, the official claims register in HCMLP bankruptcy case will be modified in accordance with this Stipulation.

*[Remainder of Page Intentionally Blank]*

**IT IS SO STIPULATED:**

Dated:  January 6, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717) *(pro hac vice)*
Ira D. Kharasch (CA Bar No. 266326) *(pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) *(pro hac vice)*
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
           ikharasch@pszjlaw.com
           gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**MUNSCH HARDT KOPF & HARR, PC**

*/s/  Julian P. Vasek*
Davor Rukavina (TX Bar No. 24030781)
drukavina@munsch.com
Julian P. Vasek (TX Bar N0. 24070790)
jvasek@munsch.com
500 N. Akard St., Ste. 3800
Dallas, TX 75201
214-855-7500

*Counsel for NexPoint Advisors, L.P.*

Case No. 3:21-cv-01895-D

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

In the Matter of: Highland Capital Management, L.P.,

     Debtor.

NexPoint Advisors, L.P., Highland Capital Management Fund Advisors, L.P., and The Dugaboy Investment Trust,

     Appellants,

v.

Highland Capital Management, L.P.,

     Appellee.

## DECLARATION OF DENNIS C. SAUTER, JR.

I, Dennis C. Sauter, Jr., hereby swear under oath and penalty of perjury pursuant to the laws of the United States of America that the following is true and correct to the best of my knowledge and belief:

1.    My name is Dennis C. Sauter, Jr.  I am over the age of 21, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to give this Declaration.  I have personal knowledge of the facts stated in this Declaration, or such facts are known to me from my review of the books and records of NexPoint Advisors, L.P. ("NexPoint").

2.      I am an attorney licensed to practice law in the State of Texas, and have been such since 2001.  I am general counsel for NexPoint, one of the appellants in this bankruptcy appeal.

3.      Attached hereto as Exhibit "A" is a true and correct copy, redacted only as to compensation numbers, of a letter agreement by which NexPoint acquired the claims of Hunter Covitz in the bankruptcy case of Highland Capital Management, L.P. (the "Debtor").  Said agreement was executed on or about March 24, 2021 and is not back-dated.  NexPoint paid a substantial amount of money to Covitz in exchange for his claims.

4.      Attached hereto as Exhibit "B" is a true and correct copy of the claim that Mr. Covitz filed in the bankruptcy case of Highland Capital Management, L.P., which was assigned to NexPoint per the foregoing agreement.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on January 18, 2022.

_____
DENNIS C. SAUTER, JR.

# NEXPOINT

March 24, 2021

Hunter Covitz
6612 Sondra Dr.
Dallas, TX 75214

Hunter,

I am pleased to provide this revised offer letter to amend and restate the terms of your employment with NexPoint Advisors, L.P. ("NexPoint" or the "Firm"). This letter confirms the correct terms of your employment. The Highland Capital Management, LP ("Highland") Employee Handbook, all employment related agreements you executed with Highland, including but not limited to non-disclosure and non-recruit agreements, and written supervisory procedures that applied to you as an employee of Highland will remain effective under NexPoint.

- Your position title will be **Head of Structured Products** with NexPoint Advisors, L.P.

- Your position is **exempt**. As an exempt employee, you are not eligible for overtime pay. Your salary is meant to compensate you for all hours worked.

- Your effective date as a full-time employee with NexPoint will be **March 16, 2021**.

- NexPoint pays on a semi-monthly basis. Your semi-monthly base rate is ▮▮▮▮▮ which, when annualized, equals approximately ▮▮▮▮▮

- You will be eligible to receive a discretionary annual bonus under the terms of the 2005 Bonus Plan. No bonus or bonus installment payment will be earned, become vested, or be paid unless you are actively employed in good standing on the payment date for the particular payment. Termination of employment, for any reason, or notification from NexPoint that your employment is terminating without cause will eliminate all rights to all unpaid bonus amounts and installments.

- You will continue to be eligible for and remain enrolled in the same level of benefits you were offered while employed by Highland Capital Management, L.P. ("Highland"). Your years of service at Highland, outstanding 2019 Highland performance year bonus installments, and outstanding Highland deferred compensation awards will carry over to NexPoint under the same terms and conditions; provided, however, your right to receive severance payments will cease immediately. You will, however, be entitled to receive your accrued severance payment of ▮▮▮▮▮ which shall vest in four equal installments on August 31, 2021, February 28, 2022, August 31, 2022, and February 28, 2023 and shall be paid upon the cessation of your employment with NexPoint, unless you are terminated without cause, in which case the severance payment shall fully vest immediately upon your termination. Receipt of the

2515 McKinney Ave., Suite 1700 • Dallas, TX 75201 • www.nexpoint.com


Exhibit A

**NEXPOINT**

March 24, 2021

       severance payment will be conditioned upon execution of a separation agreement and release in a form substantially similar to the form attached to your original employment agreement with Highland.  All benefits are subject to periodic changes to the Firm's benefit package.

- Upon employment, you will be eligible for the following benefits of which NexPoint currently pays 100% of the premiums or cost (see specific plans for detailed eligibility requirements and coverage; all benefits are subject to periodic changes to the firm's benefit package):

  - Employee, Spouse & Dependent Health/Dental Insurance (currently a zero deductible)
  - Group Life Insurance
  - Short Term Disability (STD)/Long Term Disability (LTD) Insurance
  - Cell Phone Expense Reimbursement
  - Daily lunch stipend

- You will be able to participate in NexPoint's retirement plan which includes both a 401(k) and a profit-sharing component.  NexPoint supplements your savings by matching your 401(k) contributions dollar-for-dollar (or 100%) of your pre-tax contributions up to 4% of your eligible compensation each payroll period.  Although NexPoint is not obligated to make future 401(K), profit sharing or any other qualified or non-qualified plan contributions, NexPoint has historically made such contributions for its employees.

- You are entitled to **22** days of PTO (Personal Time Off) leave per calendar year.  You will also receive two (2) floating holiday leave days per calendar year.  Your total PTO and floating holiday leave for any calendar year will be **24** days.  Your total PTO and floating holiday leave for the period of Monday, March 16, 2021 through December 31st, 2021 will be **20** days. These days are available to you immediately upon employment; however, you accrue your vacation leave pro rata over the course of the year.

- Upon acceptance of this offer of employment you will be required to sign non-disclosure and non-recruitment agreements.

By signing below, you, Hunter Covitz, hereby:

1. Irrevocably assign, sell, convey, and transfer, to NexPoint or its designee ("Designee"), all of your rights, claims, and causes of action, against Highland Capital Management, L.P. ("HCMLP") and its bankruptcy estate, whether arising prepetition or postpetition, ("Claims") and you authorize Designee to execute and to file with the Bankruptcy Court evidence of transfer of all such Claims and, to the extent requested, to execute any such evidence of transfer. For the purpose of clarification, and not as a limitation, the Claims include any and all claims related to or arising from

2515 McKinney Ave., Suite 1700 • Dallas, TX 75201 • www.nexpoint.com

# NEXPOINT

March 24, 2021

of HCMLP's actions, or failures to act, concerning securities or interests owned by Hunter Covitz that are managed by HCMLP or its affiliates;

2. Agree to cooperate with the Designee in pursuing the Claims, including, but not be limited to, the execution of a separate agreement, in a form agreeable to the Designee, to further memorialize this assignment and the completion and filing of a proof of claim in the HCMLP bankruptcy proceeding;

3. Represent and warrant that you have not, since October 19, 2019, voluntarily released, assigned, or otherwise settled, any claims, right, or causes of action against HCMLP and its bankruptcy estate, whether arising prepetition or postpetition; and

4. Represent and warrant that, since October 19, 2019, you have not signed any cooperation agreements or similar agreement under which you would voluntarily continue to provide advice, guidance, insight, services, or data to HCMLP or which would otherwise voluntarily impair your ability to pursue to the Claims or would obligate you to voluntarily cooperate with HCMLP its on-going business, its liquidation of assets, or its pursuit of claims against third parties.

Finally, please understand that NexPoint is an "At-Will Employer". As such, neither this offer letter, your acknowledgement of agreement, the Employee Handbook, nor the initiation of your employment constitutes any form of contractual arrangement between you and NexPoint or a guarantee of employment at any period of time. To the contrary, your employment relationship with the company is considered an "employment-at-will" arrangement that either you or NexPoint may terminate at any time and for any reason. The terms of your employment may be changed by NexPoint at any time, with or without notice. No one may change the at-will nature of your employment except the President of NexPoint, and then only by a written agreement signed by you and the President.

If the foregoing is agreeable to you, please indicate your acceptance by signing in the space provided below and return one original copy of this letter to me. If you have any questions or require any additional information, please do not hesitate to contact me.

Sincerely,

Brian Collins
Director of Human Resources

# NEXPOINT

March 24, 2021

ACCEPTED AND AGREED:

_____
Hunter Covitz

_____3_/_24_/_21____
Date

2515 McKinney Ave., Suite 1700 • Dallas, TX 75201 • www.nexpoint.com

Claim #186  Date Filed: 5/26/2020

**Fill in this information to identify the case:**

Debtor      Highland Capital Management, L.P.

United States Bankruptcy Court for the:  Northern    District of Texas
                                         (State)

Case number   19-34054

---

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Hunter Covitz

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No

☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Hunter Covitz<br>c/o David Neier, Winston Strawn LLP<br>200 Park Avenue<br>New York, NY 10166 | Hunter Covitz<br>6612 Sondra Drive<br>Dallas, TX 75214 |
| Contact phone  21229467005391 | Contact phone _____ |
| Contact email  dneier@winston.com | Contact email  HCov2020@yahoo.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No

☐ Yes.  Claim number on court claims registry (if known) _____    Filed on _____
                                                        MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No

☐ Yes. Who made the earlier filing? _____

Exhibit B

Appellant Appx. 18

1934054200526000000000011

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

6. **Do you have any number you use to identify the debtor?**

   ☑ No

   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?**   $ <u>not less than 250,000.00</u>   . **Does this amount include interest or other charges?**

   ☑ No

   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   <u>Employment - see attached</u>

9. **Is all or part of the claim secured?**

   ☑ No

   ☐ Yes.  The claim is secured by a lien on property.

   **Nature or property:**

   ☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

   ☐ Motor vehicle

   ☐ Other. Describe: _____

   **Basis for perfection:** _____

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**   $_____

   **Amount of the claim that is secured:**   $_____

   **Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed)_____%

   ☐ Fixed

   ☐ Variable

10. **Is this claim based on a lease?**

    ☑ No

    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**

    ☑ No

    ☐ Yes. Identify the property: _____

1934054200526000000000011

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check all that apply:* | |
|---|---|---|
| | | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

| 13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No<br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.<br><br>$_____ |
|---|---|

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   <u>05/26/2020</u>
                   MM / DD / YYYY

<u>/s/Hunter Covitz</u>
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | <u>Hunter Covitz</u> |
|---|---|
| | First name          Middle name          Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | |
| Contact phone | _____   Email   _____ |

1934054200526000000000011

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

| | |
|---|---|
| **Debtor:** | |
| 19-34054 - Highland Capital Management, L.P. | |
| **District:** | |
| Northern District of Texas, Dallas Division | |

| | |
|---|---|
| **Creditor:** | **Has Supporting Documentation:** |
| Hunter Covitz | Yes, supporting documentation successfully uploaded |
| c/o David Neier, Winston Strawn LLP | **Related Document Statement:** |
| 200 Park Avenue | |
| New York, NY, 10166 | **Has Related Claim:** |
| **Phone:** | No |
| 21229467005391 | **Related Claim Filed By:** |
| **Phone 2:** | |
| **Fax:** | **Filing Party:** |
| 212-294-4700 | Creditor |
| **Email:** | |
| dneier@winston.com | |

| |
|---|
| **Disbursement/Notice Parties:** |
| Hunter Covitz |
| 6612 Sondra Drive |
| Dallas, TX, 75214 |
| **Phone:** |
| **Phone 2:** |
| **Fax:** |
| **E-mail:** |
| HCov2020@yahoo.com |
| **DISBURSEMENT ADDRESS** |

| | |
|---|---|
| **Other Names Used with Debtor:** | **Amends Claim:** |
| | No |
| | **Acquired Claim:** |
| | No |

| | | |
|---|---|---|
| **Basis of Claim:** | **Last 4 Digits:** | **Uniform Claim Identifier:** |
| Employment - see attached | No | |

| | |
|---|---|
| **Total Amount of Claim:** | **Includes Interest or Charges:** |
| not less than 250,000.00 | No |
| **Has Priority Claim:** | **Priority Under:** |
| No | |
| **Has Secured Claim:** | **Nature of Secured Amount:** |
| No | **Value of Property:** |
| **Amount of 503(b)(9):** | **Annual Interest Rate:** |
| No | |
| **Based on Lease:** | **Arrearage Amount:** |
| No | **Basis for Perfection:** |
| **Subject to Right of Setoff:** | **Amount Unsecured:** |
| No | |

| |
|---|
| **Submitted By:** |
| Hunter Covitz on 26-May-2020 3:14:11 p.m. Eastern Time |
| **Title:** |
| **Company:** |

Appellant Appx. 21

**Fill in this information to identify the case:**

Debtor 1        Highland Capital Management, L.P.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Northern District of Texas

Case number    19-34054-SGJ-11

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:  Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Hunter Covitz<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes.  From whom? |

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| David Neier, Winston & Strawn LLP<br>Name | Hunter Covitz<br>Name |
| 200 Park Avenue, 40th Floor<br>Number      Street | 6612 Sondra Drive<br>Number      Street |
| New York            NY         10166<br>City            State        ZIP Code | Dallas            TX        75214<br>City            State        ZIP Code |
| Contact phone  212-294-5318 | Contact phone  (214) 306-5710 |
| Contact email  dneier@winston.com | Contact email  hcov2020@yahoo.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____     Filed on ___ / ___ / _____<br>MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

Official Form 410                    **Proof of Claim**                    page 1

Appellant Appx. 22

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

7. **How much is the claim?**      $_____250,000.00_      **Does this amount include interest or other charges?**

   NOT LESS THAN THE ABOVE AMOUNT,  SEE ATTACHED      ☑ No

   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**      Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   Employment (see attached)

9. **Is all or part of the claim secured?**      ☑ No      Except for setoff/reimbursement.  See attached.

   ☐ Yes.      The claim is secured by a lien on property.

   **Nature of property:**

   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe:      **SEE ATTACHED**

   **Basis for perfection:**      **SEE ATTACHED**

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                         $_____
   **Amount of the claim that is secured:**     $_____

   **Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**      $_____

   **Annual Interest Rate** (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**      ☑ No

    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**      $_____

11. **Is this claim subject to a right of setoff?**      ☑ No

    ☐ Yes. Identify the property: _____

Appellant Appx. 23

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   05/26/2020

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Hunter Covitz | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 6612 Sondra Drive | | |
| | Number      Street | | |
| | Dallas | TX | 75214 |
| | City | State | ZIP Code |
| Contact phone | (214) 306-5710 | Email | hcov2020@yahoo.com |

Appellant Appx. 24

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, | § | |
| L.P.,[1] | § | Case No. 19-34054-SGJ-11 |
| | § | |
| Debtor. | § | |

**ATTACHMENT TO PROOF OF CLAIM**

1.      Hunter Covitz ("<u>Claimant</u>") submits this attachment to his proof of claim (the "<u>Claim</u>") against Debtor Highland Capital Management, L.P. ("<u>Highland</u>" or the "<u>Debtor</u>") in the above-captioned Chapter 11 case (the "<u>Case</u>").

2.      On October 16, 2019 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of Delaware, commencing the Case, which was subsequently transferred to the United States Bankruptcy Court for the Northern District of Texas (the "<u>Bankruptcy Court</u>").  On April 3, 2020, the Bankruptcy Court entered an order establishing May 26, 2020 at 5:00 p.m. (prevailing Central Time) as the deadline for the Debtor's employees to file claims against the Debtor that arose before the Petition Date.  *See* ECF No. 560.

<u>Compensation</u>.

3.      Claimant is an employee of the Debtor.  Claimant is owed compensation for his services, including, without limitation, (i) all salaries and wages; benefits; (ii) bonuses (including performance bonuses, retention bonuses, and similar awards), (iii) vacation and paid time off, and (iv) retirement contributions, pensions and deferred compensation.  The amount of the Claim for

---

[1] The Debtor's last four digits of its taxpayer identification code are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

such compensation includes both liquidated and unliquidated amounts.  Furthermore, such claims may be in the form of stock, including stock of entities other than the Debtor, or the cash equivalent thereof to be paid or caused to be paid by the Debtor to Claimant, including dividends that continue to accrue on such stock.  Documents supporting this Claim contain personal confidential information of Claimant and, as more fully set forth below, shall be provided by counsel to Claimant under separate cover to counsel for the Debtor upon written request therefor.

4.      In addition to the foregoing, Claimant is entitled to reimbursement for travel and other business related expenses incurred in connection with performing any services to which the Claimant is entitled.  Claimant has previously provided or will provide to the Debtor details with respect to the amount of reimbursement that is owed.

Indemnification.

5.      Claimant is an employee of the Debtor.  Claimant is entitled to indemnification, including, without limitation, for all acts performed or omitted to be performed on behalf of or in connection with the Debtor's business.  As part of the Claim for indemnification, Claimant is entitled to, among other things, contribution, reimbursement, advancement, or other payments, including for damages, costs, and expenses, related thereto.  The Claim for indemnification includes both liquidated and unliquidated amounts, including, without limitation, attorneys' fees and expenses that continue to accrue.  Among other things, the Claim for indemnification includes, but is not limited to, indemnification for all claims, liabilities, damages, losses, fees, expenses, and costs related to the following matters (the "Indemnified Matters"): *Acis Capital Management, L.P., Acis Capital Management, GP, LLC, Reorganized Debtors v. James Dondero, Frank Waterhouse, Scott Ellington, Hunter Covitz, Isaac Leventon, Jean Paul Sevilla, Thomas Surgent, Grant Scott,*

*Heather Bestwick, William Scott, and CLO Holdco, Ltd.*, Case No. 20-03060, pending in the Bankruptcy Court;

6.      The Claim Amount in Part 2, Question 7 of Form 410 attached hereto does not include any amount of alleged damages claimed in the Indemnified Matters.  Claimant reserves the right to amend, supplement, or modify the Claim to include alleged damages amounts.

7.      In addition to the foregoing, Claimant is entitled to the benefits of the Debtor's directors' and officers' insurance programs and any other insurance policies that provide coverage for Claimant.

8.      The Claim for indemnification is based on applicable law, the Debtor's organizational documents, contracts, agreements, arrangements, and corporate employee policies, including, without limitation, that certain Fourth Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P. dated as of December 14, 2015 ("LPA") and to the Resolution of the Board of Directors of Strand Advisor, Inc. as General Partner of the Debtor, dated May 12, 2020 ("Resolution").  Pursuant to LPA §4.1(h) and the Resolution, Claimant is entitled to indemnification from the Debtor for all acts performed or omitted to be performed on behalf of or in connection with the Debtor's business.

9.      Documents supporting this Claim (i) are in the possession of the Debtor; (ii) are too voluminous attach hereto; and (iii) contain personal confidential information of the Claimant.  The supporting documentation is available (subject to entry of appropriate confidentiality agreements and redaction of personal identification information to the extent necessary) upon written request to counsel for Claimant as set forth below.

10.     Claimant reserves the right to amend, supplement or modify the Claim at any time. The Claim include amounts that continue to accrue, including interest as permitted by contract or law.

11.     Claimant reserves its rights to pursue claims (including but not limited to the claims described herein) against the Debtor based upon additional or alternative legal theories and reserves the right to file additional or other pleadings to assert any of the amounts set forth in this Claim or any amendments thereto, including, without limitation, any postpetition administrative expenses pursuant to the Bankruptcy Code, including sections 503 and 507 thereof, or other applicable non-bankruptcy law.

12.     This Claim is filed to preserve any and all claims, rights, and entitlements, including contingent claims, that the Claimant may have against the Debtor, and nothing herein should be construed as an admission that any valid claims or causes of action exist against Claimant.

13.     To the extent that the Debtor asserts claims against Claimant, Claimant reserves the right to assert that such claims are subject to rights of setoff and/or recoupment, whether or not arising under the transactions set forth in this Claim, which rights are treated as secured claims under the Bankruptcy Code, and state and federal laws of similar import as well as in equity.

14.     Claimant does not waive any of its rights to claim specific assets or any other rights or rights of action that Claimant has or may have against the Debtor, and Claimant expressly reserves such rights.  Claimant reserves all rights accruing to it against the Debtor, and the filing of this Claim is not intended to be, and shall not be construed as, an election of remedy or a waiver or limitation of any rights of any Claimant.

15.     The filing of this Claim is not and shall not be deemed or construed as:  (i) a waiver, release or limitation of Claimant's rights against any person, entity, or property; (ii) a waiver,

release or limitation of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court; (iii) a waiver of Claimant's right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto and/or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (iv) a consent by Claimant to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

16.     All matters concerning this Claim, including any request for supporting documentation or additional information regarding this Claim should be made in writing directed to the following counsel for Claimant:

> WINSTON & STRAWN LLP
> David Neier
> dneier@winston.com
> 200 Park Avenue, 40th Floor
> New York, NY 10166-4193
> Telephone: (212) 294-6700
> Facsimile: (212) 294-4700

-5-